UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GARY SHEPARD,

    Plaintiff

v.

DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants

Case No.: 3:19-cv-00579-RCJ-CSD

**Order**

Re: ECF No. 59

    Before the court is Plaintiff's motion for leave to file late summary judgment. (ECF No. 59.) Plaintiff argues that Nevada Department of Corrections (NDOC) regulations allowed inmates to possess their medical records at the time of Plaintiff's injury so Plaintiff should be allowed to possess his records. He acknowledges, however, the regulations have since been revised so that inmates are not allowed to have their medical records in their cells. Plaintiff claims that precluding him from having his records in his cell denies him the right to due process and delayed his summary judgment investigation to obtain needed information and make copies of exhibits to attach to his "summary judgment disclosure." (ECF No. 59 at 2.)

    Plaintiff also argues that the court erred in allowing sealed documents in connection with Defendants' motion for summary judgment.

    Preliminarily, the court will address Plaintiff's argument about sealing the medical records submitted as exhibits in support of Defendants' motion for summary judgment. The records are provisionally sealed by the Clerk while the corresponding motion for leave to file the documents under seal is pending before the court. The court has now issued an order denying the motion to seal Plaintiff's medical records that were submitted as exhibits in support of

1  Defendants' motion for summary judgment because Plaintiff opposed the motion and
2  represented that he did not wish to maintain the privacy of these records by having them sealed.
3  As such, the records are now in the public record.
4     Next, regardless of the records being sealed (either provisionally or if the court had
5  granted Defendants' motion to have them remain under seal), Plaintiff was explicitly advised by
6  Defendants that copies of the exhibits would be provided to the warden's office of the facility
7  where Plaintiff was housed and he could kite to review the exhibits, though he could not possess
8  them in his cell.
9     Nowhere does Plaintiff assert that he took advantage of this procedure and sent a kite to
10 the warden's office to review his medical records, and select items he wished to have copied to
11 submit in response to Defendants' motion for summary judgment.
12    Moreover, Plaintiff is incorrect that he should be allowed to possess his medical records
13 in his cell because the regulations provided for that when his injury occurred. The need to
14 possess his records did not arise until he was preparing his response to Defendants' motion, and
15 at that point, he admits the regulations provided (and still provide) that he may not possess his
16 medical records in his cell. Plaintiff was allowed to kite the warden to review his records and he
17 could tag any records he wanted to make copies of to support his own brief.
18    Defendants did not violate Plaintiff's due process rights as he had access to review his
19 medical records, but apparently did not take advantage of this process before filing his response
20 to Defendants' motion.
21    Nevertheless, in an abundance of caution, the court will give Plaintiff an additional
22 opportunity to kite to review his relevant dental records and supplement his response to
23 Defendants' motion, and the court will allow Defendants to file a supplemental reply.

To the extent Plaintiff seeks leave to file his own belated motion for summary judgment, Plaintiff does not set forth good cause for the delay in seeking leave to file his own motion.

Dispositive motions were originally due on November 4, 2022. (ECF No. 32.) On October 10, 2022, Defendants filed a motion to extend that deadline by a month, which the court granted, making dispositive motions due by December 5, 2022. (ECF Nos. 38, 39.) Defendants timely filed their motion for summary judgment on December 5, 2022. (ECF No. 40.) Plaintiff did not timely file his own dispositive motion. Plaintiff apparently moved facilities, but he did not file a notice of change of address in compliance with Local Rule IA 3-1. He did not timely file a response to Defendants' motion. On January 3, 2023, the court ordered Plaintiff to file a notice of change of address and gave him an additional 30 days to file his response to Defendants' motion. (ECF Nos. 48, 49.)

On January 12, 2023, Plaintiff filed a motion for an extension of time to file his response to Defendants' motion. (ECF No. 50.) He did not request an extension of time to file a belated motion for summary judgment. The court gave him until March 6, 2023, to file his response to Defendants' motion. (ECF No. 53.) Plaintiff filed his response on February 21, 2023. (ECF No. 54.) Defendants filed their reply on March 28, 2023. (ECF No. 58.)

Plaintiff did not file this motion for an extension of time to file his own belated motion for summary judgment until April 6, 2023, four months after the deadline to file dispositive motions. Plaintiff could have sent a kite to request to review his dental records at any time in order to prepare his own motion. He does not assert that he did so. Nor does he explain while he waited until four months after his motion was due to seek this relief. Therefore, Plaintiff will not be granted leave to file a belated motion for summary judgment.

## CONCLUSION

Plaintiff's motion for leave to file a belated motion for summary judgment (ECF No. 59) is **DENIED**. However, Plaintiff shall have two weeks within which to kite the warden and review his relevant dental records. This shall take place on or before **April 21, 2023**. The Office of the Attorney General shall ensure that Plaintiff is given a reasonable opportunity to review his relevant dental records within that timeframe. Then, Plaintiff has up to and including **May 5, 2023**, to file a supplemental response to Defendants' motion for summary judgment. His supplemental response is **limited to 10 pages**. Defendants have up to and including **May 12, 2023**, to file a supplemental reply brief, which is also **limited to 10 pages**.

**IT IS SO ORDERED**.

Dated: April 7, 2023

_____
Craig S. Denney
United States Magistrate Judge